### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

SUSIE PIERCE STEWART                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:03-cv-1222WS

WESTERN HERITAGE INSURANCE
COMPANY; BANKRUPTCY TRUSTEE
J. STEPHEN SMITH, for and on Behalf of
The Boardwalk, Lounge, Inc.                                       DEFENDANT

### ORDER

Before this court are two related motions; one is a motion [docket # 58] filed by the Trustee J. Stephen Smith, on behalf of Boardwalk Lounge, Inc., seeking in part to add, either under Rule 15[1] or Rule 19,[2] Phillip Dunn, who is described as a necessary or proper party in this action. Also before the court is plaintiff's motion [docket # 52] seeking, pursuant to Rule 72,[3] review of Magistrate Judge Sumner's decision denying plaintiff an opportunity to add Mr. Dunn as a necessary or proper party to this action.

A third motion, plaintiff's motion to dismiss [docket # 43], also addresses the same issue. In her motion to dismiss, plaintiff urges the court to dismiss the present

---

[1] Federal Rule Civil Procedure 15 provides, in pertinent part, that a party may amend a pleading by leave of court, and that "leave shall be freely given when justice so requires."

[2] Federal Rule Civil Procedure 19(a) provides for the joinder of a necessary or proper party; 19(b) sets forth the factors the court is to consider in determining whether a party is in fact a necessary or proper party.

[3] Federal Rule Civil Procedure 72 provides, in pertinent part, that a party may file a timely objection to the disposition of a matter by the magistrate judge, and that the district judge shall then make a de novo determination, upon the record or after additional evidence, and may accept, reject, modify, or recommit the matter to the magistrate judge with instructions.

action because all other necessary parties, including Dunn, are present in an almost-identical state court action.

Plaintiff accuses Western Heritage in this action of not paying proper proceeds of a general liability insurance policy for an incident occurring November 09, 2001, two days after the policy took effect. Western Heritage denies coverage, claiming that its assault and battery exclusion forbids it to pay in this action. Plaintiff challenges whether Western Heritage is relying upon the proper policy, but that if Western Heritage's argued policy is the correct controlling document between the parties, then plaintiff has a cause of action against Dunn as the soliciting agent. Since Dunn in his deposition contends that he properly procured the insurance sought by plaintiff, the potential exists that Dunn may quarrel with Western Heritage on the type of insurance Western Heritage provided to plaintiff.

All these issues, in the interest of justice, should be resolved in one lawsuit. Accordingly, the court understands plaintiff's desire to add Dunn to this lawsuit. In doing so, this court would destroy its subject matter jurisdiction, based upon diversity of citizenship. Title 28 U.S.C. § 1332(a).[4]

Plaintiff's motion to dismiss would accomplish the same result, based on the arguments presented. Further, this court's grant of plaintiff's Rule 72 challenge would result in the same outcome - that is, the destruction of the court's subject matter

---

[4]Title 28 U.S.C. §1332(a) provides the district courts with subject matter jurisdiction over civil cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states;" introduction of a non-diverse party to the lawsuit would destroy the requisite diversity of citizenship and thus remove the basis for this court's subject matter jurisdiction.

jurisdiction.  The court is persuaded that at the time Magistrate Judge Sumner issued his ruling, the court was not fully apprised of all the facts now before it. The court is further persuaded that, pursuant to Rule 72, de novo consideration of all relevant facts and evidence now available to the court lead to a different determination; namely, that Dunn is indeed a proper party in litigation of these matters.

In the interest of justice, and persuaded Dunn should be a party, either under Rule 15 or Rule 19, this court hereby grants plaintiff's motion and dismisses this lawsuit without prejudice.  All other pending motions are thus rendered moot.

**SO ORDERED**  this the 5th day of January, 2007.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:03-cv-1222WS
Order